**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| JINALBEN HIREN PATEL,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER S. BULLOCK, *ICE Field Office Director of the New Orleans Field Office*;<br>DAVID VENTURELLA, *Acting Director of Immigration and Customs Enforcement*;<br>MARKWAYNE MULLIN, *Secretary of Homeland Security*; and<br>TODD BLANCHE, *Acting U.S. Attorney General*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.: 3:26-cv-01726 |

**ORDER TO SHOW CAUSE, EXPEDITED RETURN, AND TEMPORARY RESTRAINING ORDER**

Pending before the Court is Petitioner's Emergency Motion and Incorporated Memorandum of Law for Order to Show Cause, Expedited Return, and Temporary Restraining Order.

The Verified Petition alleges that Petitioner was taken into ICE custody in Nashville on October 30, 2026; that counsel has been unable to communicate with her or determine her present location or immediate custodian; that the ICE Online Detainee Locator System returns "Call ICE" for her; and that Respondents are detaining her under 8 U.S.C. § 1225(b)(2)(A). The Court finds that expedited review is warranted under 28 U.S.C. § 2243 and that temporary preservation of Petitioner's custodial location is warranted pending Respondents' return. The Petition presents a substantial claim under

*Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), and transfer before expedited review could cause irreparable harm and unnecessarily complicate the Court's habeas review.

Accordingly, the Emergency Motion is **GRANTED** to the extent stated below.

Respondents are **ORDERED**, within three business days after entry of this Order, to **SHOW CAUSE** why the Petition and the relief requested therein should not be granted. The return shall identify Petitioner's present physical location and immediate custodian, identify any transfer occurring after the Petition was filed, and certify the factual and legal basis for his present detention.

If Respondents contend that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A), the return shall address *Lopez-Campos*. If Respondents rely upon 8 U.S.C. § 1226(c) or any other mandatory-detention provision, they shall identify the provision and the factual basis for its application.

Respondents shall file with the return the material custody records upon which they rely, including any Form I-200, Form I-213, Form I-286 or other custody determination, Notice to Appear, and any operative transfer or removal directive.

Pending further order of the Court, Respondents and all persons acting in concert with them who receive actual notice of this Order are **TEMPORARILY RESTRAINED** from transferring Petitioner outside the Middle District of Tennessee if she presently is confined within this District, or outside Tennessee if he already has been transferred elsewhere within the State. If Petitioner already has been transferred outside Tennessee, Respondents shall promptly disclose her present location and shall not transfer her to

another state or jurisdiction, except to return her to the Middle District of Tennessee. Respondents shall not remove Petitioner from the United States absent further order of this Court.

Respondents shall promptly communicate these restraints to the personnel responsible for Petitioner's custody and transportation.

Petitioner may file a traverse within three business days after service of Respondents' return.

No security is required under Federal Rule of Civil Procedure 65(c).

The temporary restraints imposed by this Order shall expire fourteen days after entry unless extended for good cause, extended by consent, or superseded by further order of the Court.

It is so **ORDERED**.

**ALETA A. TRAUGER**
**UNITED STATES DISTRICT JUDGE**