IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JINALBEN HIREN PATEL,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-01726** |
| | ) | **Judge Aleta A. Trauger** |
| **CHRISTOPHER BULLOCK, *et al.*,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**MEMORANDUM & ORDER**

The petitioner, Jinalben Hiren Patel, has filed a Verified Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking an order of immediate release from detention. (Doc. No. 1.) The Government has since filed its Response (Doc. No. 10), to which Patel has replied. (Doc. No. 11.) For the following reasons, the writ will be granted.

## I. BACKGROUND

Patel is an Indian citizen who entered the country in 2023 without inspection. (Doc. Nos. 1 ¶ 31; 10 at 3.) She claims to have resided in the United States ever since and has an application for asylum pending with immigration authorities. (Doc. No. 1 ¶ 1.) On October 30, 2026, Patel was detained by Immigration and Customs Enforcement agents in Nashville, Tennessee. (*Id.* ¶¶ 1, 32.) Her counsel filed the Verified Petition with this court later that day. (*See generally id.*)

In the Petition, Patel claims that her continued detention is unlawful because she was not afforded an individualized, pre-deprivation bond custody hearing to challenge her detention. (Doc. No. 1 ¶ 32.) Patel claims that she is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework—not 8 U.S.C. § 1225(b)'s mandatory detention framework—and that her continued detention violates, among other things, her statutory due process rights under the Immigration and

Nationality Act ("INA"). (*Id.* ¶¶ 72–78.)

The Government concedes that Patel is subject to § 1226(a)'s discretionary detention framework and that she has not been afforded a bond custody hearing. (Doc. No. 10 at 2.) The Government, however, urges the court to deny Patel's request for a writ because (1) service of the Verified Petition "has not been confirmed" in accordance with Federal Rule of Civil Procedure 4; and (2) Patel has not requested a bond custody hearing with an immigration court. (*Id.* at 1–4.) The court rejects both of those arguments, as detailed below.

## II. DISCUSSION

In the Sixth Circuit, a noncitizen who is subject to 8 U.S.C. § 1226(a)'s discretionary detention scheme is entitled to an individualized bond custody hearing to challenge her continued detention. *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734 (6th Cir. 2026). The Government concedes that the Sixth Circuit's decision in *Lopez-Campos* "controls the outcome of this matter" and that Patel has not been afforded a hearing, despite the fact that she has been held in custody for a week now. (Doc. No. 10 at 2.) On that basis alone, the court finds that the Government has violated Patel's due process rights under the INA and will order Patel's immediate release from detention.

The court is not persuaded by the Government's argument that service was not "confirmed" in accordance with Rule 4. (*Id.* at 1.) First, it is not at all clear what the Government means when it asserts that service was not "confirmed." Second, the Government does not specify which requirements of Rule 4, if any, have not been complied with by Patel. So, the court cannot evaluate the Government's service-based challenge, given the underdeveloped nature of this argument. Regardless, the service requirements of Rule 4 are designed to ensure that the defendant received legally adequate notice of the pending action. There is no question that the Government received *actual* notice of this action: the Government filed a Response that addressed Patel's allegations on

their merits. (Doc. No. 10.) The court therefore declines to dismiss this action based on some purported service of process deficiency.

The court also does not credit the Government's argument that Patel was required to affirmatively *request* a bond hearing before the court can order her release. (*Id.* at 2.) This argument has been considered and rejected multiple times by federal district courts in the Sixth Circuit, including this one. *See Perdomo Amaya v. Bullock*, No. 3:26-cv-01341, 2026 WL 2873809, at *2 (M.D. Tenn. Sept. 24, 2026) ("[T]he Government appears to argue that the Petitioner need not be released because he has not *requested* a bond hearing. That argument is without merit.") (emphasis in the original); *Ferro v. Bullock, et al.*, No. 3:26-cv-01695 (Nov. 5, 2026); *Cabrera v. Bullock, et al.*, No. 3:26-cv-01322 (Sept. 21, 2026) (Richardson, J.) ("[T]he Court does not credit Respondent's argument that Petitioner needs to request a bond hearing before the Court is able to order Petitioner's release."); *Gutierrez-Lopez v. Raycraft*, No. 26-11143, 2026 WL 1412995, at *1 (E.D. Mich. May 20, 2026) ("*Lopez Campos* does not require such a person to 'request' a bond hearing."); *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896, at *7 (E.D. Mich. Nov. 24, 2025) (same). Once again, the court will reject that argument.

## III. CONCLUSION

For the reasons stated above, the writ of habeas corpus requested by the petitioner, Jinalben Hiren Patel, is **GRANTED**. The court **DECLARES** that Patel is subject to 8 U.S.C. § 1226(a)'s discretionary detention framework. The court **FURTHER DECLARES** that Patel's continued detention is unlawful and violates her due process rights. The Government is **ORDERED** to immediately release Patel from custody in Nashville by 1:00 p.m. CST on Monday, November, 9, 2026, with all possessions, property, and documents that Patel had at the time she was taken into custody. The Government is **FURTHER ORDERED** to file a Status Report with the court no later than 4 p.m. CST on November 9, 2026 to certify compliance with this Order.

Finally, Patel's request for attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412, must be made by a separate motion.

Having determined that Patel's procedural due process rights were violated, and that she is entitled to a writ of habeas corpus on that basis, the court declines to address her constitutional arguments. (Doc. No. 1 ¶¶ 79–90.) All other relief requested and not addressed herein is **DENIED**.

ALETA A. TRAUGER
United States District Judge